Matthew D. Tokarz, Esq.
California Bar No. 225024
MILES, BAUER, BERGSTROM & WINTERS, LLP
1665 Scenic Ave., Suite 200
Costa Mesa, CA 92626
(714) 481-9100 / FAX (714) 481-9144
File No. 09-09418

Attorneys for Secured Creditor,
BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>RICHARD ALAN BRANDT, JR. AND ANDREA MARIE BRANDT FKA ANDREA MARIE LOMBARDI,<br><br>Debtors | Case No.: 09-12925 AJ<br>Chapter 13<br>R.S. No. N/A<br><br>**Confirmation Hearing –**<br>Date: November 16, 2009<br>Time: 01:30 P.M.<br>Place: U.S. BANKRUPTCY COURT<br>99 South E Street<br>Santa Rosa, CA 95404<br>Courtroom N/A |

## <u>OBJECTIONS TO PROPOSED CHAPTER 13 PLAN AND CONFIRMATION THEREOF</u>

BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP, Secured Creditor in the above-entitled Bankruptcy proceeding, hereby submits the following Objections to Confirmation of that certain Chapter 13 Plan proposed by Debtor:

This objecting Secured Creditor holds the Trust Deed on the Debtors' property generally described as **772 Brush Creek Lane, Santa Rosa, CA 95404** and legally described as:

///

1

Case 09-12925    Doc# 17    Filed: 10/02/09    Entered: 10/02/09 18:13:45    Page 1 of 4

SEE LEGAL DESCRIPTION ATTACHED HERETO AS **EXHIBIT "1"** AND MADE A PART HEREOF.

As of September 9, 2009, the amount in default was $63,404.94, representing monthly payments and late charges due from November 1, 2008 through September 1, 2009; advances for taxes and insurance, if any; and foreclosure costs and attorneys' fees incurred with respect to the default.

Section 1325 of the Bankruptcy Code sets forth the requirements for confirmation of a Chapter 13 Plan. Among other things, the Court must make a finding that the plan is feasible as a condition to confirmation.

Here the Debtors have listed on Schedule I three primary sources of income from which they intend to fund the plan – income from real property in the amount of $0.00 and regular income from regular income from operation of business, unemployment and family assistance in the amount of $10,759.00.

The Plan fails to provide for repayment of the pre petition arrears. The Plan does not propose a reasonable schedule and time period for the payment of arrearages on the trust deed obligations of the Debtor. The payoff period and monthly repayment amount proposed by Debtor are unreasonable considering Debtor's past non-payment history. Further, the repayment sum will not fully pay off the arrearages currently owing to Secured Creditor over the term of the Plan. To cure the actual pre-petition arrearages within 36 months, Secured Creditor must receive $1,761.25 per month from the Debtors through the Plan.

The proposed Chapter 13 plan in this case appears to have been filed in bad faith, as it appears the Debtors are also attempting to modify the senior lien through confirmation of the plan. Debtors have failed to list substantial prepetition arrears owed to secured creditor and have listed an ongoing mortgage payment, which is substantially less than the actual monthly

2

payment. Their apparent attempt to sneak a lien strip the 1st on their principal residence through confirmation and their presentation of a Plan that has no basis in law or in fact, is a violation of Rule 9011 of the Federal Rules of Bankruptcy Procedure. Further, proposing a Plan in bad faith is also a violation of Section 1325 of the Bankruptcy Code and the Plan should not be confirmed.

The Debtor has failed to comply with 11 U.S.C. §1322(b)(5). Since filing the instant bankruptcy petition, Debtors have failed to maintain the regular monthly Trust Deed payments. Accordingly, the Plan may not be confirmed.

The proposed Chapter 13 Plan is not feasible. Therefore, the Plan cannot be confirmed. 11 U.S.C. §1325(a)(6). Attached hereto as **Exhibits "2" and "3"** are Debtors' Schedule I – Income and Schedule J – Expenses, indicating that Debtors have excess income of only $603.00 per month. The payment to Secured Creditor alone through Debtors' Chapter 13 Plan must be $1,761.25 per month.

Secured Creditor's Objections to Confirmation are supported by the Declaration of PAUL CHEA.

## CONCLUSION

Any Chapter 13 Plan proposed by Debtors must provide for Secured Creditor's claim and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions of the Bankruptcy Code. It is respectfully requested that confirmation of the Debtor's proposed Chapter 13 Plan be denied and the case be dismissed.

///

///

///

///

3

| | |
|---|---|
| 1 | WHEREFORE, Secured Creditor prays as follows: |
| 2 | (1) That confirmation of the proposed Chapter 13 Plan be denied. |
| 3 | (2) For dismissal of the Chapter 13 proceeding. |
| 4 | (3) For such other relief as this Court deems proper. |

MILES, BAUER, BERGSTROM & WINTERS, LLP

Dated: 10/02/09     By: /s/ Matthew D. Tokarz
                        Matthew D. Tokarz, Esq.
                        Attorney for Movant

4